IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:09-HC-2167-D

| | |
|---|---|
| MIKIE L. BELL, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>ALVIN KELLER, JR., Sec'y, )<br>N.C. Dep't of Correction, et al., )<br>)<br>Respondents. ) | **ORDER** |

Mikie L. Bell ("petitioner" or "Bell"), a state inmate proceeding pro se, petitioned for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 [D.E. 1]. On July 16, 2010, Richard Neely ("respondent") filed a motion to dismiss the petition as untimely [D.E. 7]. On July 19, 2010, the court notified Bell of his right to respond [D.E. 9]. See Roseboro v. Garrison, 528 F.2d 309, 310 (4th Cir. 1975) (per curiam). On July 21, 2010, Bell filed a motion to appoint counsel [D.E. 10]. On July 30, 2010, Bell filed a motion for discovery [D.E. 13], to which respondent filed a response in opposition on August 3, 2010 [D.E. 14]. On October 4, 2010, Bell responded in opposition to the motion to dismiss [D.E. 17–18]. On February 7, 2011, Bell filed a motion entitled "Petition to Issue this Writ of Mandamus" [D.E. 21]. As explained below, respondent's motion to dismiss is granted and Bell's motions are denied.

I.

On May 2, 2002, in Columbus County Superior Court, a jury convicted Bell of robbery with a dangerous weapon and one count of second-degree kidnapping. The court sentenced Bell to a term of 103 to 133 months' imprisonment. Pet. ¶¶ 1–5; State v. Bell, 161 N.C. App. 540, 589 S.E.2d

750, 2003 WL 22845942, at *3 (2003) (unpublished table decision). Bell appealed his convictions, and the North Carolina Court of Appeals found no error. Pet. ¶ 9; Bell, 2003 WL 22845942, at *6. Bell filed a petition for certiorari in the North Carolina Supreme Court, which was denied on March 4, 2004. Pet. ¶ 9; State v. Bell, 358 N.C. 236, 593 S.E.2d 783 (2004). Bell did not file a petition for certiorari in the United States Supreme Court. Pet. ¶ 9.

On October 4, 2006, Bell filed a pro se motion for appropriate relief ("MAR") in Columbus County Superior Court.[1] Mem. Supp. Mot. Dismiss, Ex. 7. On June 13, 2007, the court summarily denied Bell's MAR. Id., Ex. 8. On February 2, 2009, Bell filed a pro se certiorari petition in the North Carolina Court of Appeals concerning his MAR. Id., Ex. 9. On February 13, 2009, the North Carolina Court of Appeals denied the certiorari petition. Id., Ex. 11.

On December 21, 2009, Bell filed this habeas petition. Pet. at 14. Bell alleges: (1) his Fourth Amendment rights were violated by a warrantless search of his home and vehicle and by "unnecessary use of force[;]" (2) his Fourteenth Amendment due process rights were violated by an impermissibly suggestive identification procedure; and (3) his "due process and Sixth Amendment" rights were violated when the "trial court decline[d] to accept petitioner['s] mitigated factors" and by ineffective assistance of appellate counsel. See Pet. ¶ 12.

II.

First, the court addresses Bell's motion to appoint counsel. Bell asks the court to appoint counsel because he "has received inadequate assistance from" another inmate, he is illiterate, he has

---

[1] Bell's MAR is dated October 4, 2006, but was filed on October 6, 2006. See Mem. Supp. Mot. Dismiss, Ex. 7. Giving Bell the benefit of the prison mailbox rule, and construing the record in the light most favorable to Bell, the court will consider Bell's MAR as filed on October 4, 2006. See Houston v. Lack, 487 U.S. 266, 275–76 (1988); Lewis v. Richmond City Police Dep't, 947 F.2d 733, 736 (4th Cir. 1991) (per curiam). Additionally, the court will use the prison mailbox rule in construing the filing date for Bell's other pleadings.

2

no access to a law library, and he is indigent. Mot. Appoint 1–2.

No constitutional right to counsel exists in habeas corpus actions. See Pennsylvania v. Finley, 481 U.S. 551, 555 (1987). Nonetheless, the court may appoint counsel if it determines that "the interests of justice so require." 18 U.S.C. § 3006A(a)(2)(B). This action does not present legally complex issues, and Bell has set forth his claims adequately. Thus, the interests of justice do not require the appointment of counsel. Accordingly, the court denies Bell's motion to appoint counsel.

Next, the court addresses respondent's motion to dismiss. In analyzing a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure for "failure to state a claim upon which relief can be granted," a court must determine whether the complaint is legally and factually sufficient. See Fed. R. Civ. P. 12(b)(6); Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949–50 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007); Coleman v. Md. Ct. of Appeals, 626 F.3d 187, 190 (4th Cir. 2010); Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008); Goodman v. Praxair, Inc., 494 F.3d 458, 464 (4th Cir. 2007) (en banc); accord Erickson v. Pardus, 551 U.S. 89, 93–94 (2007) (per curiam). A court need not accept a complaint's legal conclusions, elements of a cause of action, or bare assertions devoid of further factual enhancement. See, e.g., Iqbal, 129 S. Ct. at 1949–50; Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir. 2009). Similarly, a court need not accept as true "unwarranted inferences, unreasonable conclusions, or arguments." Giarratano, 521 F.3d at 302 (quotation omitted); see Iqbal, 129 S. Ct. at 1949–50.

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a motion to dismiss filed in a section 2254 proceeding "tests the legal sufficiency of the petition, requiring the federal habeas court to 'assume all facts pleaded by the § 2254 petitioner to be true.'" Walker v. Kelly, 589 F.3d 127, 139 (4th Cir. 2009) (quoting Wolfe v. Johnson, 565 F.3d 140, 169 (4th Cir. 2009)). A party may also

3

use a motion under Rule 12(b)(6) to test whether petitioner has complied with the one-year statute of limitations. In ruling on a motion to dismiss, the court may consider the record of the state habeas proceeding, including affidavits and evidence presented in such proceedings, as well as other matters of public record. See, e.g., Walker, 589 F.3d at 139.

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a person in custody pursuant to the judgment of a state court must file any petition for a writ of habeas corpus within one year. See 28 U.S.C. § 2244(d)(1). The limitation period runs from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action . . . is removed . . . ;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Id.

The limitation period under section 2244(d)(1) is tolled during the time "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2); see Taylor v. Lee, 186 F.3d 557, 560 & n.2 (4th Cir. 1999). However, the period between the time a petitioner's conviction becomes final and the time that a petitioner files a state application for post-conviction relief counts against the one-year period of limitation. See, e.g., Hernandez v. Caldwell, 225 F.3d 435, 438 (4th Cir. 2000); Harris v. Hutchinson, 209 F.3d 325, 327 (4th Cir. 2000).

4

Respondent contends that the petition should be dismissed because the one-year statute of limitations has run. Initially, the court must determine when Bell's judgment became final. See 28 U.S.C. § 2244(d)(1)(A). The North Carolina Supreme Court denied Bell's petition for discretionary review on March 4, 2004, and Bell did not file a petition for certiorari in the United States Supreme Court. Thus, Bell's conviction became final no later than June 2, 2004, when the 90-day time period for filing a petition for certiorari in the United States Supreme Court elapsed. See, e.g., Clay v. United States, 537 U.S. 522, 527 (2003). Thus, Bell's one-year period of limitations began to run on June 2, 2004, and ran for 365 days until June 2, 2005. See, e.g., Minter v. Beck, 230 F.3d 663, 665 (4th Cir. 2000). Bell's October 2, 2006 MAR did not serve to reopen his time for filing a habeas petition. See id. ("Although the period of time that Minter spent pursuing state post-conviction relief is excluded from the one year limitation period, see 28 U.S.C. § 2244(d)(2), more than one year had otherwise elapsed from April 24, 1996 until he filed his § 2254 petition."). Therefore, absent tolling, Bell's petition is untimely.

Bell makes three arguments. First, Bell seeks to avoid the one-year statute of limitations in 28 U.S.C. § 2244 by citing Federal Rule of Civil Procedure 60(b)(4). Rule 60(b)(4) provides in pertinent part: "On motion and just terms, the court may relieve a party . . . from a final judgment . . . [where] the judgment is void . . . ." Fed. R. Civ. P. 60(b)(4); see Mem. Opp. Mot. Dismiss 1–14. Bell then urges the court to apply Rule 60(b)(4), and notes that, unlike section 2244(d)(1), Rule 60(b)(4) motions need only "be made within a reasonable time[.]" Fed. R. Civ. P. 60(b)(4); Jackson v. United States, 245 F. App'x. 258, 260 (4th Cir. 2007) ("Motions attacking a judgment as void under Rule 60(b)(4) have no time limit."); Foster v. Arletty 3 Sarl, 278 F.3d 409, 414 (4th Cir. 2002) (noting that courts have found that a Rule 60(b)(4) motion "contains little, if any, time limit").

5

Unfortunately for Bell, the Supreme Court has considered and rejected his creative attempt to use Rule 60(b). Specifically, the Supreme Court has explained that the:

> AEDPA did not expressly circumscribe the operation of Rule 60(b). . . . The new habeas restrictions introduced by AEDPA are made indirectly relevant, however, by the fact that Rule 60(b), like the rest of the Rules of Civil Procedure, applies in habeas corpus proceedings under 28 U.S.C. § 2254 only "to the extent that [it is] not inconsistent with" applicable federal statutory provisions and rules.

Gonzalez v. Crosby, 545 U.S. 524, 529 (2005) (footnote omitted) (citing 28 U.S.C. § 2254 Rule 11; Fed. R. Civ. P. 81(a)(2)). Thus, allowing Bell to present the claims in his petition via Rule 60(b)(4) would be "at least similar enough [to a habeas petition] that failing to subject it to the" one-year time limitation in section 2244(d)(1) would be inconsistent with the statute. Id. at 531; see Sherratt v. Friel, 275 F. App'x. 763, 766 n.1 (10th Cir. 2008) (unpublished). Accordingly, the court rejects Bell's reliance on Rule 60(b)(4).

Next, Bell cites Georgia v. Randolph, 547 U.S. 103 (2006), and contends that Randolph should be applied retroactively to his case pursuant to 28 U.S.C. § 2244(d)(1)(C). Mem. Opp. Mot. Dismiss 12–13. Randolph, however, does not apply retroactively, and Bell's argument fails. See, e.g., Whorton v. Bockting, 549 U.S. 406, 416–21 (2007).

Finally, Bell seeks equitable tolling. The AEDPA's one-year statute of limitations is subject to equitable tolling. Holland v. Florida, 130 S. Ct. 2549, 2560–62 (2010). Equitable tolling applies only if a petitioner shows "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." Id. at 2562 (quotation omitted); see Green v. Johnson, 515 F.3d 290, 304 (4th Cir. 2008). A court may allow equitable tolling under section 2244 in those "rare instances where — due to circumstances external to the party's own conduct — it would be unconscionable to enforce the limitation period against the party and gross injustice would result." Green, 515 F.3d at 304 (quotations omitted). However, "any

6

invocation of equity to relieve the strict application of a statute of limitations must be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes." Harris, 209 F.3d at 330.

In support of equitable tolling, Bell notes that he is illiterate and lacks access to a law library, and contends that his petition is meritorious and the post-conviction manual provided him by North Carolina Prisoner Legal Services ("NCPLS") is inadequate. Mem. Opp. Mot. Dismiss 14–16. However, unfamiliarity with the legal process, lack of representation, or even illiteracy do not constitute grounds for equitable tolling. See, e.g., United States v. Sosa, 364 F.3d 507, 512 (4th Cir. 2004); Harris, 209 F.3d at 330–31 (collecting cases); Turner v. Johnson, 177 F.3d 390, 392 (5th Cir. 1999) (per curiam). Additionally, lack of access to a law library does not toll the statute of limitations where, as here, the state makes legal assistance to inmates available through NCPLS. See Bounds v. Smith, 430 U.S. 817 (1977) (state only has an obligation to provide either prison law libraries or assistance from persons trained in the law), overruled in part on other grounds by Lewis v. Casey, 518 U.S. 343, 354 (1996). Moreover, any inadequacies in the NCPLS manual do not serve as a ground for equitable tolling. See Holland, 130 S. Ct. at 2564. Finally, "the merits of the underlying claim are not part of the equitable tolling analysis." Rouse v. Lee, 339 F.3d 238, 253 n.17 (4th Cir. 2003) (en banc). Accordingly, Bell has failed to satisfy the "extraordinary circumstances" necessary for equitable tolling.

### III.

As explained above, Bell's motion to appoint counsel [D.E. 10] is DENIED, and respondent's motion to dismiss [D.E. 7] is GRANTED. Bell's application for habeas corpus relief is DISMISSED as time-barred. The court DENIES AS MOOT Bell's motion for discovery [D.E. 13] and Bell's motion to issue mandamus [D.E. 21]. The court DENIES a certificate of

appealability. See 28 U.S.C. § 2253(c)(2). The Clerk of Court is DIRECTED to close this case.

SO ORDERED. This _8_ day of March 2011.

*[signature]*
JAMES C. DEVER III
United States District Judge